Jeremy C. Reutzel (10692)
Joshua L. Lee (11701)
BENNETT TUELLER JOHNSON & DEERE
3165 East Millrock Drive, Suite 500
Salt Lake City, Utah 84121-5027
Telephone: (801) 438-2000
Facsimile: (801) 438-2050
Email: jreutzel@btjd.com; jlee@btjd.com



*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT,

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EXCITEMENT DIETETICS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOES 1–20,<br><br>Defendants. | **COMPLAINT**<br><br>(***Jury Trial Demanded***)<br><br>Case: 2:12cv00380<br>Assigned To : Wells, Brooke C.<br>Assign. Date : 4/20/2012<br>Description: Excitement Dietetics v. Does |

Plaintiff Excitement Dietetics, LLC ("***Excitement***"), by and through undersigned counsel, hereby complains against Defendants as follows:

## DESCRIPTION OF THE PARTIES

1. Excitement is a Utah limited liability company with its principal place of business in Utah County, State of Utah.

2. Defendants Does 1 through 20 are persons or entities involved in the manufacture, marketing, distribution, or sale of counterfeit products bearing the Phenphedrine trademark.

## JURISDICTION AND VENUE

3. This is an action for, among other things, trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, et seq.

4. The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 & 1338. This Court also has supplemental jurisdiction over Excitement's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are integrally related with Excitement's federal claims and arise from a common nucleus of operative facts.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

6. The Court has personal jurisdiction over each of the Defendants because Defendants have transacted business within this state by advertising and selling merchandise in the State of Utah and have caused injury within this state to a resident of this state. By selling products in Utah, Defendants have purposefully availed themselves of the privileges and benefits of doing business in the State of Utah and could reasonably anticipate defending an action in the State of Utah.

## GENERAL ALLEGATIONS

### *Excitement's Trademark*

7. Excitement is the current owner of the federally registered trademark PHENPHEDRINE® (U.S. Reg. No. 3,814,457) (the "*Mark*"), which appears on Excitement's

trade dress for a unique and proprietary dietary supplement. Excitement uses the Mark in advertising and promoting its business in interstate commerce.

8. Excitement has spent substantial sums marketing and promoting the Mark, and has expended tremendous efforts in building brand recognition of the Mark.

9. As a result of marketing efforts, the Phenphedrine dietary supplements, the Mark, and the dietary supplements bearing the Mark are now recognized by the public and in the trade as originating from a distinct source.

10. Dietary supplements bearing the Mark have come to be known by the purchasing public throughout the world and in the trade as of the highest quality.

*** Defendants' Counterfeiting and Scheme to Defraud the Public Using the Mark ***

11. In early 2012, Excitement discovered that Defendants were using the Mark to market counterfeit goods on Ebay.

12. John Doe 1 had multiple listings for PHENPHEDRINE® products under the seller name "**tedious_bear**," the product purportedly being shipped from Salt Lake City, Utah. The only products John Doe 1 had listed were products bearing the Mark, and based upon seller feedback, it appears that John Doe 1 has made hundreds of sales over the past several months.

13. On or about April 17, 2012, Excitement ordered the Phenphedrine product from John Doe 1 (**tedious_bear**). The product was shipped on or about April 18, 2012. The mailing label purported to be shipped from Health Revitalization, 937 Ramona Ave, Salt Lake City, UT

84105-0000. Health Revitalization is neither a trade name nor an actual business entity that is registered to do business in the State of Utah.

14. The product shipped by John Doe 1 (**tedious_bear**) contained a packing slip with the same address, but with the name William Tilman.

15. The product was examined by Excitement, and it was discovered that the product was counterfeit, and was not the authentic PHENPHEDRINE® marketed and distributed by Excitement.

16. The Defendants, through Ebay, offer for sale to the purchasing public throughout the world a counterfeit product they pass off as the authentic PHENPHEDRINE® marketed and distributed by Excitement (the "***Counterfeit Product***"), thereby actively cultivating consumer confusion and unjustly profiting from the goodwill and recognition associated with Excitement's Mark.

17. The Counterfeit Product is not that same as the Excitement's authentic PHENPHEDRINE®—it is a counterfeit made up of unknown ingredients.

18. The Counterfeit Product is sold for less than $50.00 per bottle, plus shipping, which is substantially less than authentic PHENPHEDRINE® is sold for by Excitement.

19. The Counterfeit Product is sold in trade dress which is a copy and imitation of Excitement's authentic PHENPHEDRINE® trade dress.

20. The Counterfeit Product uses a bottle and a label that was copied from the bottle and label Excitement uses for the authentic PHENPHEDRINE®.

21. Excitement has not authorized any of the Defendants to use the Mark, nor has it sponsored or approved Defendants' sale of the Mark on Ebay.

## FIRST CAUSE OF ACTION
### (Federal Trademark Infringement—15 U.S.C. § 1114)

22. Excitement incorporates by this reference the allegations set forth above.

23. Excitement is the owner of a standard federal character registration for the Mark.

24. Excitement has used the Mark in commerce in connection with the sale of its dietary supplements, including Phenphedrine.

25. Defendants had actual and constructive knowledge of Excitement's ownership of the Mark prior to infringing on the Mark.

26. Defendants have and continue to use the Mark and/or confusingly similar marks in commerce, without Excitement's consent, but with knowledge of their infringement and with the intent to deceive and cause confusion and mistake.

27. The Defendants, independently, and in conspiracy with one another, used in commerce, without Excitement's consent a reproduction, counterfeit, copy or colorable imitation of the Mark in connection with the sale, offering for sale, distribution, and advertising of the Counterfeit Product.

28. Defendants offer their goods and services, including the Counterfeit Product, under the infringing marks in the same channels of trade as Excitement offers the authentic Phenphedrine.

Excitement and the authentic PHENPHEDRINE®, and as to the origin, sponsorship, or approval of Defendants and the Counterfeit Product.

37. In violation of 15 U.S.C. § 1125(a)(1)(A) and (B), the Defendants, independently and in conspiracy with one another, have used in commerce a slogan, trade dress, words, terms, names, symbols, and devices, and a false designation of origin, which was and is likely to cause confusion or to cause mistake, or to deceive as to an affiliation, connection, or association with Excitement and the Mark.

38. Defendants' had knowledge of Excitement's prior use of and rights in the Mark before taking the action complained of herein. Accordingly, this is an exceptional cause under 15 U.S.C. § 1117(a).

39. As a direct and proximate result of Defendants' actions, Excitement has incurred, and continues to incur, damages, including damage to the goodwill and reputation associated with the Mark. This constitutes irreparable harm for which there is no adequate remedy at law.

### THIRD CAUSE OF ACTION
### (Federal Trademark Dilution—15 U.S.C. § 1125(c))

40. Excitement incorporates by this reference the allegations set forth above.

41. The Mark is famous and distinctive within the meaning of 15 U.S.C. § 1125.

42. The Defendants have sold and are offering for sale the Counterfeit Product bearing the Mark after Excitement's Mark and trade dress became famous.

43. By selling the Counterfeit Product, the Defendants have diluted and tarnished the distinctive quality of the Mark and associated trade dress.

44. As a direct and proximate result of Defendants' actions, Excitement has incurred, and continues to incur, damages, including damage to the goodwill and reputation associated with the Mark. This constitutes irreparable harm for which there is no adequate remedy at law.

### FOURTH CAUSE OF ACTION
### (Violation of Utah Unfair Competition Act)

45. Excitement incorporates by this reference the allegations set forth above.

46. Defendants' actions, as described above, constitute methods of unfair competition proscribed by the Utah Unfair Competition Act.

47. Defendants have engaged in unfair competition by unlawfully, fraudulently, and unfairly (a) using the Mark to trade on Excitement's goodwill, (b) confusing consumers as to the origin of the Counterfeit Products, (c) engaging in maliciously cyber activity, and (d) infringing on the Mark.

48. Defendants' intentional actions, as described above, are unlawful, unfair, and fraudulent, have led to a material diminution in the value of Excitement's intellectual property, and involve the infringement of Excitement's Mark and trade dress.

49. Excitement is therefore entitled to injunctive relief barring Defendants from engaging in unfair methods of competition against Excitement.

50. Furthermore, Excitement has been damaged by Defendants' unfair competition.

51. Pursuant to Utah Code Ann. § 13-5a-103, Excitement is entitled to recover its actual damages, costs, attorneys' fees, and punitive damages.

52.     As a direct and proximate result of Defendants' actions, Excitement has incurred, and continues to incur, damages, including damage to the goodwill and reputation associated with the Mark. This constitutes irreparable harm for which there is no adequate remedy at law.

## FIFTH CAUSE OF ACTION
### (Violation of Utah Truth in Advertising Act)

53.     Excitement incorporates by this reference the allegations set forth above.

54.     The above-described conduct of Defendants is likely to cause confusion among purchasers as to the source, affiliation, sponsorship, approval, or certification of goods in commerce and constitutes deceptive trade practices in violation of the provisions of the Utah Truth in Advertising Act, Utah Code Ann. § 13-11a-3.

55.     The Defendants passed off goods and services as those of another in violation of the provisions of the Utah Truth in Advertising Act, Utah Code Ann. § 13-11a-3.

56.     As a direct and proximate result of the foregoing actions, practices, and conduct, Excitement has been substantially injured in its business, including its reputation, resulting in lost revenues and profits, and diminished goodwill and reputation. This constitutes irreparable harm for which there is no adequate remedy at law.

## SIXTH CAUSE OF ACTION
### (Trademark Infringement—Violation of Utah Code Ann. § 70-3a-402)

57.     Excitement incorporates by this reference the allegations set forth above.

58.     The Mark is entitled to protection from infringement under Utah Code Ann. § 70-3a-402.

59. Defendants have used a copy of the Mark without the consent of Excitement and in connection with the sale, distribution, offering for sale, and advertising of the Counterfeit Product.

60. Defendants' use of the Mark is likely to cause confusion, mistake, and to deceive as to the source of origin, nature, and quality of the Counterfeit Product and the authentic Phenphedrine.

61. As a proximate result of Defendants' above-described willful conduct, Excitement has been damaged in an amount to be proven at trial, including, but not limited to, consequential damages, and is entitled to recover all of Defendants' profits from their actions detailed herein as well as all of Excitement's costs and reasonable attorneys' fees associated with this action.

62. At all material times, Defendants have acted in bad faith, oppressively, and maliciously toward Excitement and its customers, with intent to injure Excitement, thereby entitling Excitement to treble damages in an amount to be determined at trial, including, but not limited to, damages, lost profits, and other consequential damages.

63. The above-described acts of Defendants have caused and are continuing to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

### SEVENTH CAUSE OF ACTION
**(Trademark Dilution—Violation of Utah Code Ann. § 70-3a-403)**

64. Excitement incorporates by this reference the allegations set forth above.

65. The Mark is famous and distinctive in Utah.

66. Defendants began using the Mark after it had become famous and distinctive.

67. By using the mark in connection with the Counterfeit Product, Defendants have injured Excitement's business reputation, have tarnished the distinctive quality of the Mark, and have lessened the capacity of the Mark to identify and distinguish Excitement's products.

68. In using the Mark, Defendants have willfully intended to trade on Excitement and the Mark's reputation.

69. As a proximate result of Defendants' above-described willful conduct, Excitement has been damaged in an amount to be proven at trial, including, but not limited to, consequential damages, and is entitled to recover all of Defendants' profits from their actions detailed herein as well as all of Excitement's costs and reasonable attorneys' fees associated with this action.

70. At all material times, Defendants have acted in bad faith, oppressively, and maliciously toward Excitement and its customers, with intent to injure Excitement, thereby entitling Excitement to treble damages in an amount to be determined at trial, including, but not limited to, damages, lost profits, and other consequential damages.

71. The above-described acts of Defendants have caused and are continuing to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

### EIGHTH CAUSE OF ACTION
**(Utah Common Law Trademark Infringement, Unfair Competition, and Unfair Trade Practices)**

72. Excitement incorporates by this reference the allegations set forth above.

73.     Defendants have passed and palmed off the Counterfeit Product as Excitement's.

74.     Defendants' acts have caused confusion and deception.

75.     Defendants' actions constitute trademark infringement, unfair competition, and unfair trade practices proscribed by the common law of the State of Utah.

76.     Defendants' acts of unfair competition and unfair trade practices, as described above, have caused damages to Excitement, in an amount to be proven at trial.

77.     Excitement is being irreparably harmed by Defendants' actions, and Excitement has no adequate remedy at law.  Excitement is therefore additionally entitled to injunctive relief barring Defendants from engaging in further acts of trademark infringement, unfair competition, and unfair trade practices.

## **PRAYER FOR RELIEF**

WHEREFORE, Excitement prays for an order and judgment as follows:

1.     Temporary, preliminary, and/or permanent orders enjoining Defendants and their subsidiaries, parents, affiliates, agents, servants, employees, members, directors, officers, attorneys, and those persons in active concert or participation with them:

   a.   from using the Mark, whether genuine or counterfeit, or any marks confusingly similar thereto in connection with the manufacture, sale, offer for sale, distribution, or advertisement of any product, including dietary supplements;

   b.   from using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or

products of the Defendants or others are sponsored by, authorized by, or in any way associated with Excitement, the Mark, or Phenphedrine;

    c.    from infringing on the Mark;

    d.    from unfairly competing with Excitement in the manufacture, sale, offering for sale, distribution, or advertisement of Phenphedrine;

    e.    from representing themselves as being connected with, sponsored, or associated with Excitement, the Mark, or Phenphedrine or engaging in any act which is likely to cause the trade, retailers, or member of the purchasing public to believe that Defendants are associated with Excitement, the Mark, or Phenphedrine;

    f.    from using any reproduction, counterfeit, copy, or colorable imitation of the Mark in connection with the publicity, promotion, sale, or advertising of any product, including dietary supplements;

    g.    from affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being Phenphedrine and from offering such goods in commerce;

    h.    from diluting the Mark;

    i.    from destroying any records documenting the manufacture, sale, offer for sale, distribution, advertisement, or receipts of any product purporting to be Phenphedrine;

    j.  from transferring, moving, collecting, distributing, or concealing any funds that have been paid in connection with any transaction conducted through or over the Website;

    k.  from assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (j) above; and

  2.  An order that, within ten days after the entry and service of a temporary, preliminary, or permanent injunction, the defendants serve and file a written report under oath setting forth in detail the manner and form in which they have complied with the injunction;

  3.  An order that all infringing material, be turned over, seized, or impounded;

  4.  An order requiring that Defendants provide Excitement an accounting of all ill-gotten profits from the manufacture, sale, or distribution of the Counterfeit Product;

  5.  An order requiring Defendants to retain and disclose all communications with all individuals and entities with whom they engaged in any transaction relating to or arising from the use of the Mark or sale of the Counterfeit Product or any transaction conduct over or related to the Website; and

  6.  A judgment awarding Excitement

    a.  actual damages in an amount to be proven at trial, but not less than $1,000,000.00;

  b.  punitive damages in an amount to proven at trial, but no less than $3,000,000.00;

  c.  treble damages in an amount to proven at trial;

  d.  consequential damages in an amount to proven at trial;

  e.  statutory damages in an amount to proven at trial;

  f.  costs and attorneys' fees;

  g.  all of Defendants' ill-gotten profits from the manufactures, sale, or distribution of the Counterfeit Product and from the transactions conducted over or through the Website;

  h.  all of its lost profits resulting from Defendants' actions complained of herein;

  i.  all of its remedial costs resulting from Defendants' actions complained of herein;

  j.  pre- and post-judgment interest; and

7. Any other further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Excitement requests a jury trial of all issues that may be tried to a jury.

RESPECTFULLY SUBMITTED this 20 day of April, 2012.

BENNETT TUELLER JOHNSON & DEERE

_____
Jeremy C. Reutzel
Joshua L. Lee
*Attorneys for Plaintiff*

Plaintiff's Address
Excitement Dietetics, LLC
3520 N UNIVERSITY AVE #100
PROVO, UT 84604